# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5609 | **DATE** | 6/18/2013 |
| **CASE TITLE** | Dwayne Allen Jackson, Jr. Vs. City of Harvey, et al. | | |

**DOCKET ENTRY TEXT**

Defendant Thomas Dart's Motion to Dismiss Pursuant to Rule 12(b)(6) [53] is granted.

■ [ For further details see text below.]    Docketing to mail notices.

## STATEMENT

On August 17, 2011, Plaintiff Dwayne Allen Jackson Jr. ("Plaintiff") initiated this civil rights action pursuant to 42 U.S.C. § 1983. On October 21, 2012, Plaintiff filed his First Amended Complaint, adding Thomas Dart, the Sheriff of Cook County, Illinois ("Defendant") as a defendant. Before the Court is Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion is granted.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). That is, a plaintiff's complaint "must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." Indep. Trust Corp. v. Stewart Info. Servs. Corp., 665 F.3d 930, 935 (7th Cir. 2012) (internal quotation marks and citation omitted). The Court accepts as true all well-pleaded facts in Plaintiff's First Amended Complaint, and draws all reasonable inferences in his favor. Kolbe & Kolbe Health & Welfare Benefit Plan v. Med. Coll. of Wis., 657 F.3d 496, 502 (7th Cir. 2011). A plaintiff, however, may plead himself out of court by "pleading facts that establish an impenetrable defense to its claims." Tamayo v. Blagojevich, 526 F.3d 1074, 1086 (7th Cir. 2008) (citing Massey v. Merrill Lynch & Co., 464 F.3d 642, 650 (7th Cir. 2006)); see also Atkins v. City of Chi., 631 F.3d 823, 832 (7th Cir. 2011) ("[A plaintiff] can plead himself out of court by pleading facts that show he has no legal claim." (citations omitted)). Pleadings consist of "the complaint, any exhibits attached thereto, and the supporting briefs." Cole v. Milwaukee Area Technical Coll. Dist., 634 F.3d 901, 903 (7th Cir. 2011) (citing Thompson v. Ill. Dep't of Prof'l Regulation, 300 F.3d 750, 753 (7th Cir. 2002)).

Defendant argues that Plaintiff's § 1983 claims are barred by the statute of limitations. "A statute of limitations provides an affirmative defense, and a plaintiff is not required to plead facts in the complaint to anticipate and defeat affirmative defenses. But when a plaintiff's complaint nonetheless sets out all of the elements of an affirmative defense, dismissal under Rule 12(b)(6) is appropriate." Indep. Trust Corp., 665 F.3d at 935. The statute of limitations for § 1983 actions is two years as determined here by the Illinois personal injury statute of limitations. Savory v. Lyons, 469 F.3d 667, 672 (7th Cir. 2006); see 735 Ill. Comp. Stat. 5/13-202; see also Wallace v. Kato, 549 U.S. 384, 387 (2007) (noting that § 1983 statute of limitations

are determined by the state law in which the cause of action arose). The Seventh Circuit has set forth a two-part inquiry for a court to determine the accrual of claims. Savory, 469 F.3d at 672 (citing Hileman v. Maze, 367 F.3d 694, 696 (7th Cir. 2004)). "First, a court must identify the injury. Next, it must determine the date on which the plaintiff could have sued for that injury. That is the date that the plaintiff knew or should have known that his constitutional rights had been violated." Id. (internal quotation marks and citations omitted).

Plaintiff alleges that on June 16, 2009, David D. Jackson ("Jackson") was arrested for possession of marijuana and driving on a suspended driver's license. Jackson's vehicle was stopped after he allegedly delivered cocaine to a confidential informant. When asked for identification, Jackson falsely identified himself as Dwayne Jackson Jr. On July 14, 2009, Jackson failed to appear in the Superior Court of Lake County, Indiana, and an arrest warrant in the name of Dwayne Jackson Jr. was issued. On August 18, 2009, Plaintiff was arrested by Harvey, Illinois police pursuant to the arrest warrant issued by the Superior Court of Lake County, Indiana. Plaintiff was transferred to Cook County jail, where he alleges that he was held for approximately two weeks until he was transferred to the Lake Station police department on September 1, 2009. On September 4, 2009, the charges against Plaintiff were dismissed and he was ordered released from the Lake County, Indiana jail. Plaintiff's § 1983 claims are premised on two alleged injuries: first, illegal detention, and second, pretrial detention without a prompt judicial determination of probable cause. Plaintiff's illegal detention claim accrued at the time of his arrest, on August 18, 2009. Additionally, Plaintiff's due process and Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978), claims accrued, at the latest, on September 4, 2009. Therefore, Plaintiff had until August 18, 2011 and September 9, 2011, respectively, to file his claims against Defendant. He failed to do so until October 21, 2012, when he filed his First Amended Complaint—after the statute of limitations expired.

Nonetheless, Plaintiff argues that his claims are timely under Rule 15(c) because they relate back to the date of the original pleading filed on August 17, 2011. "A potential defendant who has not been named in a lawsuit by the time the statute of limitations has run is entitled to repose—unless it is or should be apparent to that person that he is the beneficiary of a mere slip of the pen, as it were." Joseph v. Elan Motorsports Techs. Racing Corp., 638 F.3d 555, 560 (7th Cir. 2011). Plaintiff argues that he erroneously named County of Cook, Illinois as a defendant in his initial, timely complaint; and, in his First Amended Complaint, corrected the "misnomer," by substituting Defendant for the "non-suable County of Cook, Illinois." Pl.'s Resp. to Def. Thomas Dart's Mot. To Dismiss 2. Plaintiff also argues that Defendant had constructive notice of the pending action through service of the original complaint on Cook County. Plaintiff's arguments are without merit, and his statement that Cook County is non-suable is incorrect. Under the circumstances alleged here, Plaintiff should have sued both Defendant and Cook County in its original complaint, but did not. See Carver v. Sheriff of LaSalle Cnty., Ill., 324 F.3d 947, 948 (7th Cir. 2003) ("[A] county in Illinois is a necessary party in any suit seeking damages from an independently elected county officer (sheriff, assessor, clerk of court, and so on) in an official capacity." (citation omitted)). "A plaintiff's ignorance or misunderstanding about who is liable for his injury is not a 'mistake' as to the defendant's 'identity.'" Hall v. Norfolk S. Ry. Co., 469 F.3d 590, 597 (7th Cir. 2006). It is well-established that "the Sheriff is an independently elected county officer and is not an employee of the county in which the sheriff serves." Askew v. Sheriff of Cook Cnty., Ill., 568 F.3d 632, 636 (7th Cir. 2009) (internal quotation marks and citation omitted). Indeed, the Sheriff's responsibilities include, *inter alia*, appointing and hiring deputies, acting as custodian of the county courthouse and jail, and acting as the county's supervisor of safety. Id. (citations omitted). Where, as here, Plaintiff simply did not know whom to sue, relation back is not permitted. Because the statute of limitations has long since run, and relation back does not apply, Defendant's motion to dismiss is granted.

IT IS SO ORDERED.