| United States District Court, Northern District of Illinois |||||
|---|---|---|---|---|
| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | | |
| CASE NUMBER | 11 C 5609 | | DATE | 7/9/2013 |
| CASE TITLE | Dwayne Allen Jackson, Jr. Vs. City of Harvey, et al. ||||

**DOCKET ENTRY TEXT**

Defendant Michael Smith's Motion to Dismiss Plaintiff's First Amended Complaint for Lack of Personal Jurisdiction [44] is granted.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

On June 16, 2009, Officer Michael Smith ("Officer Smith") arrested David D. Jackson ("Jackson") in Indiana for possession of marijuana. Jackson's vehicle was stopped after he allegedly delivered cocaine to a confidential informant. When asked for identification, the arrestee falsely identified himself as Dwayne Jackson, Jr. The arrestee was released on bond under the name Dwayne Allen Jackson, Jr., and was given a date and time to appear for arraignment on the controlled substance charge. On July 14, 2009, on motion of the Assistant State's Attorney, the Indiana state-court judge entered an order of forfeiture on the bond and a warrant for the arrest of the defendant on his failure to appear. The arresting officer plays no role in this routine procedure. On August 18, 2009, Plaintiff Dwayne Allen Jackson, Jr. ("Plaintiff") was stopped and arrested by Harvey, Illinois police for Illinois traffic violations— speeding and driving on a suspended license—and was taken into custody. During the arrest procedure, Illinois police learned of the outstanding arrest warrant issued by the Superior Court of Lake County, Indiana. Plaintiff sues Defendants City of Harvey, Officer Robert Adams, and Officer Smith pursuant to 42 U.S.C. § 1983 for false arrest, illegal detention, and deprivation of due process. Before the Court is Officer Smith's motion to dismiss Plaintiff's First Amended Complaint for lack of personal jurisdiction. For the following reasons, the motion is granted.

"In a federal question case such as this one, a federal court has personal jurisdiction over the defendant if either federal law or the law of the state in which the court sits authorizes service of process to that defendant." Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Houston Metroplex, P.A., 623 F.3d 440, 443 (7th Cir. 2010) (citing Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104-05 (1987)). Because § 1983 does not expressly provide rules for service of process, the Court turns to the Illinois long-arm statute, which "permits its courts to exercise jurisdiction on any basis permitted by the Illinois and United States Constitutions." Kinslow v. Pullara, 538 F.3d 687, 690-91 (7th Cir. 2008) (internal quotation marks and citation omitted). "[T]here is no operative difference between these two constitutional limits." Mobile Anesthesiologists Chi., LLC, 623 F.3d at 443. Under federal due process, "a defendant is subject to personal jurisdiction in a particular state only if the defendant had 'certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Id. (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). Where, as here, lack of personal jurisdiction is raised on a motion to dismiss, a plaintiff "need only make a prima facie showing of jurisdictional facts." Felland v. Clifton, 682 F.3d 665, 672 (7th Cir. 2012) (citing Purdue Research Found. v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 782 (7th Cir. 2003)). "[O]nce the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." Purdue Research Found., 338 F.3d at 783. Any factual disputes in the affidavits are resolved in the plaintiff's favor. Id.

At issue is whether Illinois can exercise specific jurisdiction over Officer Smith, an Indiana defendant. "Specific personal jurisdiction is appropriate when the defendant purposefully directs [his] activities at the forum

state and the alleged injury arises out of those activities." Mobile Anesthesiologists Chi., LLC, 623 F.3d at 444 (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985)). Plaintiff alleges that when Officer Smith arrested Jackson, he failed to verify his identification information; and, prepared a probable cause affidavit to initiate a criminal charge without probable cause, culminating in the issuance of a bench warrant. Plaintiff admits that Jackson presented Officer Smith with a Kentucky Identification Card bearing the name Dwayne Allen Jackson, Jr., but nonetheless argues that Officer Smith knew that the arrest warrant he caused to be issued would likely be served upon Plaintiff (the real "Dwayne Allen Jackson, Jr.") in Illinois where his driver's license was issued. Plaintiff relies on Officer Smith's Probable Cause Affidavit, which states that when Lt. McDaniel ran Dwayne Allen Jackson, Jr.'s information through dispatch he learned that his license was suspended. Plaintiff also points to the National Crime Information Center file for Dwayne Allen Jackson, Jr., which shows that he resided in Illinois, not Kentucky; and, that on August 18, 2009, he was charged as a "Fugitive From Justice - Out of State Warrant," "Ivc - Driving 1-10 Mph Above Limit," and "Driving On Suspended License." Pl.'s Resp. to Def., Lake Station Police Department's, Mot. to Dismiss Ex. B. From these facts, Plaintiff argues the Court should infer that Officer Smith purposefully directed his activities at Illinois by filing criminal charges in Indiana against an Illinois resident with knowledge that Plaintiff would be arrested and served with the warrant in Illinois.

Plaintiff cites Warmington v. Keeth, No. 2:07CV92 KAK, 2008 WL 4093612 (D. Utah Aug. 29, 2008), to support his position. There, the court found specific personal jurisdiction over a nonresident defendant who—acting in his capacity as a Deputy Sheriff—caused a criminal complaint and warrant to be issued for the plaintiff, which he knew would likely result in the plaintiff's false arrest within his home state of Utah. Id. at *4. Prior to filing felony theft charges against the plaintiff, however, the defendant had other contacts within Utah. He had entered into a contractual relationship with the Utah resident for the sale of two horses, made several telephone calls to Utah, and sent at least two letters to Utah in an attempt to collect his full payment. Id.

Plaintiff's reliance on Warmington is misplaced. In Warminton, the defendant had contact with the forum state and filed criminal charges against the plaintiff in the non-forum state after his personal dealings with the Utah resident went sour, whereas here, the alleged wrongdoing ascribed to Officer Smith occurred only in Indiana where he misnamed an individual during an arrest. Although Officer Smith's official actions in Indiana set in motion the eventual arrest of Plaintiff in Illinois, there is no evidence to suggest that Officer Smith knew that the Kentucky Identification Card presented to him was false, or that Plaintiff (a victim of identity theft by his friend Jackson) would likely be arrested in Illinois. Indeed, Officer Smith's Affidavit states that he was unaware that the individual he arrested as Dwayne Allen Jackson, Jr. failed to appear, as required by the bond, in Indiana on the charges arising out of the arrest. This Affidavit is consistent with routine procedure. The Court rejects Plaintiff's argument that Officer Smith's alleged tortious act in Illinois—failing to verify that the person he arrested correctly identified himself—creates the requisite minimum contacts. Plaintiff fails to submit any evidence that Officer Smith expressly aimed his actions at Illinois with the knowledge that they would cause harm to Plaintiff there. Mobile Anesthesiologists Chi., LLC, 623 F.3d at 445. Officer Smith's knowledge that Dwayne Jackson, Jr. has an Illinois license and resides in Illinois, without more, is insufficient to establish specific personal jurisdiction over him. See Rodgers v. Fallin, No. 2013 WL 149723, at *5 (W.D. Okla. Jan. 14, 2013). Plaintiff simply has not demonstrated that Officer Smith purposefully directed his activities at Illinois or otherwise "reached out to Illinois in a way that makes him reasonably liable to be sued there." Smith v. Jefferson Cnty. Bd. of Educ., 378 F. App'x 582, 585 (7th Cir. 2010) (citing Burger King Corp., 471 U.S. at 474-76). As such, Plaintiff fails to establish a prima facie case of personal jurisdiction over Officer Smith.

In a single sentence, Plaintiff asks the Court to transfer the case as to Officer Smith to the United States District Court for the Northern District of Indiana because the statute of limitations has since expired. Because "[e]lementary prudence would have indicated" to Plaintiff's counsel that he "must file a protective suit" in Indiana where there was "only a slight probability of obtaining personal jurisdiction" in Illinois over Officer Smith, the Court denies Plaintiff's request. Cote v. Wadel, 796 F. 2d 981, 985 (7th Cir. 1986). Accordingly, Officer Smith's motion to dismiss for lack of jurisdiction is granted.

IT IS SO ORDERED.